[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13958

_____

MIKE BORDELON,
BREEZY SHORES, LLC,

Plaintiffs-Appellees,

*versus*

BALDWIN COUNTY, AL,
BALDWIN COUNTY PLANNING AND ZONING DIRECTOR,

Defendants-Appellants,

BALDWIN COUNTY COMMISSION DISTRICT 4 PLANNING
AND ZONING BOARD OF ADJUSTMENT, et al.,

Defendants.

———————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cv-00057-C

———————————

Before WILSON, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

This case concerns a zoning dispute between Baldwin County's zoning leadership and Mike Bordelon, a property owner within the county. Baldwin County's Zoning Department prohibited Plaintiffs-Appellees Mike Bordelon and Breezy Shores, LLC (collectively, Plaintiffs) from constructing a three-story duplex as originally permitted. After the local Board of Adjustment denied Plaintiffs' request for a variance, Plaintiffs filed a notice of appeal in the Circuit Court of Baldwin County, which was removed to the Southern District of Alabama, Southern Division. Relevant to this appeal, Plaintiffs challenged the zoning decision pursuant to Alabama's vested rights jurisprudence and the Fifth Amendment of the U.S. Constitution. The district court[1] granted Plaintiffs' request for a variance and concluded that (1) Baldwin County temporarily took Plaintiffs' property without just compensation, (2) Plaintiffs

---

[1] U.S. District Judge William H. Steele referred all proceedings to and ordered entry of judgment with U.S. Magistrate Judge William E. Cassady in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 after all parties consented to Judge Cassady's jurisdiction.

held a vested right to construct their duplex as originally permitted, and (3) as a result, Baldwin County is both enjoined from prohibiting the duplex's originally-permitted construction and ordered to pay $746,289.00 in just compensation.

On appeal, Baldwin County argues that Plaintiffs lack vested rights under Alabama law because, among other things, the district court's interpretations of the zoning ordinance contravene its plain language and deference is due to the County's interpretations. Second, the County maintains that its acts do not amount to a temporary regulatory taking under *Penn Central Transportation Company v. City of New York*, 438 U.S. 104 (1978). Third, and in the alternative, Baldwin County contends that the district court erred in its just compensation calculations which resulted in an unjust windfall.

After careful consideration of the record and the parties' briefs, and with the benefit of oral argument, we find no reversible error in the district court's judgment. Accordingly, we affirm the district court's reasoned decision in favor of Plaintiffs.

**AFFIRMED.**